ROBERT M. PARKER, Circuit Judge,
joined by WIENER, and DeMOSS, Circuit Judges, dissenting from the en banc opinion:
The fundamental issue in this case is whether the Sixth Amendment and Due Process Clause of the Fourteenth Amendment give a defendant the right to require his appointed counsel to contest every charged crime when the defendant informs the judge and his appointed counsel that he is innocent and wants an “actual innocence” defense.[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) dem *385 onstrate that the accused himself, not his appointed lawyer, has the authority to decide whether his lawyer should concede guilt to a lesser charge. Because these two cases are clearly established law, the state court’s application of the Strickland test misidentifies the correct governing legal principle, and is therefore “contrary to” clearly established federal law. I would therefore affirm the grant of the habeas writ.
1. INITIAL OBSERVATIONS
My analysis of the trial court proceedings indicates the following. First, the evidence of Haynes’ guilt is overwhelming. Second, Haynes’ trial counsel were well-prepared and provided him with a professional defense. Third, trial counsel’s decision to concede guilt on the lesser charge of second degree murder in the face of overwhelming evidence of guilt as to that charge was a successful approach to take in that it spared Haynes the death penalty. Fourth, the outcome of the case (conviction for first degree murder with a life sentence without possibility of parole) was a rehable one based on the overwhelming evidence of the defendant’s guilt.
For these reasons, trial counsel’s performance was not deficient under Strickland’s first prong and Haynes was certainly not prejudiced by the trial counsel’s approach under Strickland’s second prong. On the contrary, trial counsel’s tactic was probably in Haynes’ best interest. Thus, applying strictly a Strickland analysis, Haynes would not be entitled to habeas relief.[2] However, in my view, Strickland does not provide the appropriate framework for analyzing this case.
II. THE MAJORITY’S ERROR
The majority opinion rests on the incorrect assumption that defendant’s Sixth Amendment claim is controlled by Strickland. It is not. This case raises a much broader concern that goes to the very core of what the Sixth Amendment means and asks us to address important questions involving, due process and the right to a fair trial.
It is undisputed that Haynes’ defense counsel conceded Haynes’ guilt as to the second degree murder charge during opening statements. Subsequently, Haynes informed the trial judge that he wanted to address the court. The judge then sent the jurors out, and Haynes’ counsel stated that anything Haynes said was against the advice of counsel. Haynes then unequivocally asserted:
I don’t agree with what these lawyers are doing, talking about I’m guilty of second degree murder. I’m not guilty of second degree or first degree. If that is the way they are going to represent me, they need to jump over there with the D.A.’s. They ain’t representing me. Telling jurors that I’m guilty of second degree ain’t trying to represent me in no kind of way. I disagree with what they are doing.
If Haynes’ own words do not constitute an explicit plea of actual innocence, no words ever will. With all due respect to my learned colleagues in the majority, Strickland cannot possibly purport to control a situation in which defense counsel concedes the defendant’s guilt as to second *386 degree murder over the express objection of the defendant when the record clearly and unambiguously shows that the defendant forcefully declared to the trial judge that he is innocent of all charged crimes and wants an “actual innocence” defense.
The Sixth Amendment of the United States Constitution guarantees that “[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence.” U.S. Const, amend VI. In Faretta, the Supreme Court recognized, in the context of examining a defendant’s right to self-representation, that an accused’s right to defend himself against the government is a personal right. This personal right is predicated on respect for the individual’s liberty to make his own choices as to his defense for it is the individual himself who must bear the consequences of those choices. Faretta, 422 U.S. at 834, 95 S.Ct. 2525.
Because the right to defend oneself is personal, trial counsel is only an “assistant” to the defendant and not the master of the defense. Consequently, the right to “assistance of counsel” necessarily entails that the defendant will be able to make certain fundamental decisions regarding his counsel’s representation. One of those fundamental decisions must be whether to concede guilt as to a lesser charge. As Justice Brennan eloquently stated:
Faretta establishes that the right to counsel is more than a right to have one’s case presented competently and effectively. It is predicated on the view that the function of counsel under the Sixth Amendment is to protect the dignity and autonomy of a person on trial by assisting him in making choices that are his to make, not to make choices for him, although counsel may be better able to decide which tactics will be most effective for the defendant. Jones v. Barnes, 463 U.S. 745, 759, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (BRENNAN, J., dissenting).
Of course, a defendant’s right to make certain decisions concerning his own defense must be balanced against the realities of a trial. Oftentimes, counsel will have to make quick decisions during a trial that impact the defendant. Defendants should not be entitled to prevail on ineffective assistance of counsel claims merely because the defendant disagrees with minor tactical decisions made by his attorney. Admittedly, there may be some cases where the line between minor tactical decisions properly reserved to the attorney and fundamental decisions completely left to the defendant will be difficult to draw. This is not one of them.
The ultimate decision as to whether to plead guilty or not guilty is left to the defendant. See Brookhari v. Janis, 384 U.S. 1, 7, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); Jones v. Barnes, 463 U.S. at 751, 103 S.Ct. 3308 (noting that the accused has the ultimate authority to decide whether to plead guilty). In the instant ease, it is perfectly clear that (1) Haynes pleaded not guilty and consistently maintained his innocence; (2) Haynes communicated to both the trial judge and his lawyers that he was not guilty of any of the charged crimes and wanted his lawyers to represent him in a fashion that comported with his contention; (3) the lawyers refused to mount a defense which contested both second degree and first degree murder; (4) the trial judge told Haynes that he was stuck with appointed counsel and their trial strategy regardless of what he wanted; and (5) trial counsel conceded Haynes’ guilt as to second degree murder throughout the trial.
Trial counsel’s concession as to Haynes’ guilt on the second degree murder charge can only be described as the functional equivalent to a forced guilty plea over the *387 objection of the defendant. See State v. Carter, 270 Kan. 426, 14 P.3d 1138, 1148 (Kan.2000) (defense counsel’s strategy of conceding felony murder in an attempt to prevent conviction of first degree murder even though the defendant maintained his innocence on all charged crimes was the functional equivalent to entering a guilty plea and violated both the Sixth Amendment and defendant’s due process rights to a fair trial); Nixon v. Singletary, 758 So.2d 618, 625 (Fla.2000)(counsel’s comments conceding defendant’s guilt were the functional equivalent of a guilty plea). In my view, Faretta, Brookhart and Jones clearly establish that the Sixth Amendment is violated when counsel concedes the accused’s guilt as to a lesser crime over the accused’s express objection.
In short, Haynes had the constitutional right to decide whether he wanted his counsel to concede guilt on a lesser charge. Haynes informed trial counsel that he wanted a defense that contested both second degree and first degree murder. They refused to provide such a defense. As I see it, trial counsel did not have the authority to make that decision.
Because Haynes’ lawyers refused to provide the “actual innocence” defense demanded by their client, the trial judge should have appointed new counsel who would follow Haynes’ decision to contest all criminal charges. The failure to do so violated Haynes’ constitutional rights. The state court’s determination that Haynes’ constitutional rights were not violated was contrary to clearly established federal law, as determined by the United States Supreme Court. See 28 U.S.C. § 2254(d)(1).
III. FINAL THOUGHTS
Trial counsel’s decision to concede Haynes’ guilt on the second degree murder charge was probably a wise move. However, this point is absolutely irrelevant to the issue before us. The Constitution mandates that the decision to concede guilt on a lesser charge must be made by the accused, not his attorney, regardless of how difficult it may be for the attorney to mount a defense on all charges. See Nixon v. Singletary, 758 So.2d 618, 625 (Fla. 2000)(“In every criminal case, a defense attorney can, at the very least, hold the State to its burden of proof by clearly articulating to the jury or fact-finder that the State must establish each element of the crime charged and that a conviction can only be based upon proof beyond a reasonable doubt”). No trial can be considered constitutionally fair when an attorney is given the authority to override the accused’s wishes to concede nothing and hold the government to its burden of proof on each criminal charge.
I dissent.

. In using the term "actual innocence” defense, I mean a defense in which the defense attorney does not admit the defendant is guilty and holds the government to its burden of proof on each charged crime.

. Because trial counsel did contest the first degree murder charge, the defendant was not completely denied assistance of counsel. Therefore, I agree with the majority that the Cronic exception is not applicable to this case. See Bell,-U.S.-at-, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 at - ("When we spoke in Cronic of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor’s case, we indicated that the attorney's failure must be complete”).